865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The NORTH RIVER INSURANCE COMPANY, Plaintiff-Appellee,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellant.
 No. 88-3865.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 5, 1988.
Decided: Dec. 23, 1988.
Rehearing Denied Feb. 1, 1989.
 
 William Frederick Richmond, Jr. (Abrams, Byron, Henderson & Richmond, on brief), for appellant.
 Robert Lee Stewart, Jr. (Stephen R. Crislip, Jackson & Kelly, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Here, we must interpret the Omnibus Clause of W.Va.Code Sec. 33-6-31, which governs insurance policies issued in West Virginia. In particular, we are called upon to decide what constitutes "use" of a motor vehicle within the statutory provision extending insurance coverage to a party who receives permission from a named insured to use an insured vehicle.
 
 
 2
 The statutory Omnibus Clause requires any West Virginia insurer who issues an automobile insurance policy to include coverage for not only the named insured but also for "any other person ... responsible for the use of or using the motor vehicle" with the owner's consent, as long as that person's liability arises out of negligent use of the insured vehicle. W.Va.Code Sec. 33-6-31(a) (emphasis supplied).
 
 
 3
 Grady Charles Bragg, who was working for Toni Marie Construction Company ("Toni"), delivered a truck containing logs to a chipping mill owned by Awegot of West Virginia ("Awegot"). Upon arriving at Awegot, Bragg pulled the truck onto a scale and then moved to an unloading area to begin removing the logs from the truck. As Bragg removed the chains holding the logs in place, a log fell off the truck and injured him.
 
 
 4
 Bragg has alleged that, as he was removing the chains, Charles Heiges, a co-owner and an employee of Awegot, approached the truck with an endloader to aid in the removal of logs from the truck. Bragg has further alleged that Heiges brought the endloader very close to the logs, distracting him in the process and generating ground vibrations that caused a log to fall off the truck.
 
 
 5
 Toni had a business automobile insurance policy with United States Fidelity and Guaranty Company ("USF & G"). Awegot had a general liability insurance policy with North River Insurance Company ("North River"). Both policies were in effect at the time of the accident.
 
 
 6
 Bragg brought suit in state court in West Virginia against Toni, Awegot and others. In addition to the alleged acts of Awegot, Bragg alleges that Toni stacked the logs too high on the truck, thereby contributing to the accident.
 
 
 7
 North River, Awegot's insurer, brought a declaratory judgment action in the United States District Court for the Southern District of West Virginia to seek a determination that USF & G has a duty to defend Awegot in the suit brought by Bragg. North River argues that Awegot qualified as a permissive user of Toni's truck and thus fell within the coverage of Toni's insurance policy issued by USF & G.
 
 
 8
 For reasons persuasively stated by the district court, it was held that USF & G must defend Awegot in the state court suit brought by Bragg. We affirm for the reasons stated in North River Ins. Co. v. USF & G, Civ. Action No. 2:87-0794 (S.D.W.Va. April 14, 1988).
 
 
 9
 AFFIRMED.